IN THE MATTER OF THE ESTATE OF BELINDA WATSON, DECEASED.

EVELYN A. MACE, NEXT OF KIN OF BELINDA WATSON, DECEASED, AND WILLIAM E. DECKER, ADMINISTRATOR *c. t. a.* OF THE WILL OF BELINDA WATSON, DECEASED, PLAINTIFFS-APPELLANTS, v. JOSEPH KEANE, GENERAL ADMINISTRATOR OF THE ESTATE OF BELINDA WATSON, DECEASED, DEFENDANT-RESPONDENT, AND FRANK J. DOYLE AND JOHN DREWEN, CO-ADMINISTRATORS, *ETC.*, BY APPOINTMENT OF COURT, RESPONDENTS.

JOSEPH KEANE, GENERAL ADMINISTRATOR OF THE ESTATE OF BELINDA WATSON, DECEASED, PLAINTIFF-APPELLANT, v. FRANK J. DOYLE AND JOHN DREWEN, CO-ADMINISTRATORS, BY APPOINTMENT OF THE COUNTY COURT, PROBATE DIVISION, *ET ALS.*, RESPONDENTS, AND WILLIAM E. DECKER, ADMINISTRATOR, *ETC.*, *ET ALS.*, DEFENDANTS-RESPONDENTS.

Argued April 25, 1961—Decided June 30, 1961.

*Mr. James D. Carpenter* argued the cause for appellants-respondents Evelyn A. Mace and William E. Decker (*Mr. John D. McMaster,* attorney; *Messrs. Carpenter, Bennett & Morrissey,* of counsel; *Mr. John C. Heavey, Jr.,* on the brief).

*Mr. Prospero De Bona* argued the cause for respondent-appellant Joseph Keane (*Mr. John B. O'Neill,* on the brief).

*Mr. John Drewen* argued the cause for respondents Frank J. Doyle and John Drewen.

The opinion of the court was delivered by

JACOBS, J.  The decedent Belinda Watson was a widow who lived for many years in Jersey City and died on July 4, 1960 at the age of 86.  For some time before her death she was at a nursing home in Madison and her neighbor Frank J. Doyle handled her affairs such as the receipt and delivery of her mail and the deposit of her dividend checks. When in June 1960 Mrs. Watson told Mr. Doyle that she wanted him and his wife to have her house, he suggested that she retain an attorney and after some discussion she recalled Mr. McMaster, a New Jersey attorney with an office in Jersey City.  Mr. McMaster was then in Europe but his office arranged for Mr. William E. Decker to see Mrs. Watson.  Mr. Decker, who has been a member of the New Jersey

Bar since 1914, saw Mrs. Watson at the nursing home on June 13, 1960. He spent over an hour with her and she told him that she wanted to provide by will for funeral arrangements including the name of the undertaker and wanted to leave her house on Fairmount Avenue, Jersey City, to Mr. and Mrs. Doyle. In response to Mr. Decker's inquiries she stated that she wanted to think further about the disposition of her other property and did not "want any executor right now." She asked to see Mr. Doyle and Mr. Decker left saying that he would report their conversation to Mr. Doyle. Mr. Decker reported to Mr. Doyle who visited with Mrs. Watson and then told Mr. Decker to draw the will in accordance with Mrs. Watson's instructions. Mr. Decker drew the will, delivered it to Mr. Doyle and on July 2, 1960 it was executed by Mrs. Watson. She died two days later without having made any further disposition of her property. The will directed that the debts and funeral expenses be paid and Milton Bunnell of Jersey City be engaged as undertaker and devised to Mr. and Mrs. Doyle the house "including furniture screens, kitchen utensils and all other contents." It did not contain any residuary clause nor did it name any executor.

On July 14, 1960 Mr. Decker filed his complaint in the Hudson County Surrogate's Court seeking probate of Mrs. Watson's will and letters of administration *c. t. a.* The complaint set forth that no executor had been named in the will and that the heirs and next of kin consisted of Evelyn Allen Mace, niece, James G. Allen of California, nephew, Florence E. Metzler of Long Island, niece, Annie E. Elmendorf of Long Island, niece, Lily Allen Powell of Ireland, sister, Molly Allen of England, niece, and Ivor Allen of England, nephew. Renunciations in Mr. Decker's favor by Evelyn Allen Mace of Jersey City and by Mr. and Mrs. Doyle were filed with the complaint and on July 14, 1960 the Hudson County Surrogate ordered that the will be admitted to probate and that letters of administration *c. t. a.* be issued to William E. Decker. Since the issuance

of the letters of administration *c. t. a.*, Mr. Decker has obtained renunciations in his favor from all of the other heirs and next of kin named in the complaint. The renunciation of James Geddes Allen was executed on July 28, 1960, those of Annie E. Metzler (Elmendorf) and Florence E. Metzler were executed on July 29, 1960, that of Lily Allen Powell was executed on August 16, 1960, that of Ivor Basil Wilfred Allen was executed on September 9, 1960, and that of Molly Allen was executed on September 2, 1960 and re-executed on September 17, 1960.

After his appointment as administrator *c. t. a.* Mr. Decker, in the company of Mr. Doyle and. Mrs. Mace, went to the house which had been devised by Mrs. Watson to the Doyles and located a box which contained securities and a key to a safe deposit box which contained additional securities. The Surrogate was advised and in accordance with his order dated July 20, 1960 the securities were placed with the First National Bank of Jersey City as custodian. On August 26, 1960 the Surrogate entered an order issuing general letters of administration upon the estate of Belinda Watson to Mr. Joseph Keane, a total stranger to the estate, with a law office in Jersey City. There was never any notice to the heirs or next of kin nor were there ever any renunciations in favor of Mr. Keane but his complaint which was dated August 26, 1960 contained the following: "All next of kin have filed renunciations with the Surrogate. See Surrogate's Order appointed plaintiff, General Administrator August 26, 1960."

On September 6, 1960 Mr. Decker and Mrs. Mace, acting through their attorney Mr. McMaster, obtained an order to show cause why the order issuing general letters of administration to Mr. Keane should not be vacated. An affidavit by Mrs. Mace in support of the motion to vacate set forth that she was the only next of kin who was resident in New Jersey and that she had waived her right of administration and had requested that Mr. Decker be appointed administrator; she further stated that all of the next of kin whom

she knew and had been able to locate had requested that Mr. Decker "be appointed administrator with the will annexed of the late Belinda Watson, and if necessary request that he be appointed the administrator of that estate." An affidavit by Mr. Decker set forth that he had taken possession of all of the assets of the estate known to him; that an order fixing the time for creditors to file claims had been taken; that the New Jersey transfer inheritance tax return had been filed as well as the federal estate tax preliminary notice; that the funeral bill, the doctor's bill and the hospital bill had been paid by him; and that "distribution of the estate can be made when the period for creditors to file their claims has expired and the New Jersey and Federal Estate taxes are fixed and paid."

On September 13, 1960 Mr. Keane obtained an order to show cause why the order appointing Mr. Decker as administrator *c. t. a.* should not be vacated. This order to show cause, together with the earlier one obtained by Mr. Decker, were brought on for hearing before the Hudson County Court which took testimony on September 30, 1960 and thereafter filed an opinion reported at 64 *N. J. Super.* 111 (1960). The judgment entered pursuant to that opinion revoked the letters issued to Mr. Decker and Mr. Keane and appointed Mr. Frank J. Doyle and Mr. John Drewen as co-administrators *c. t. a.* and also general administrators of the estate of Belinda Watson. Mr. Decker, joined by Mrs. Mace, filed a notice of appeal to the Appellate Division and Mr. Keane did the same. *Cf.* 3 *Page, Wills* § 26.55 (*Bowe-Parker Revision* 1961); 7 *N. J. Practice, Clapp, Wills and Administration* § 981 (1950); *Howard Savings Inst. of Newark, N. J. v. Peep,* 34 *N. J.* 494 (1961). We certified their appeals on our own motion while they were pending in the Appellate Division.

All of the briefs submitted to this court advance points which rest heavily on procedural technicalities and niceties; to the extent that they have no real relation to the actual merits of the controversy they may safely and

should justly be passed by here. See *Handelman v. Handelman,* 17 *N. J.* 1, 10 (1954) ; *Vanderwart v. Dept. of Civil Service,* 19 *N. J.* 341, 347 (1955) ; *Grosso v. City of Paterson,* 33 *N. J.* 477, 481 (1960). In filling the void left by the decedent's failure to name an executor it was necessary that due and proper regard be given to the interests and wishes of the persons ultimately entitled to the estate. See *N. J. S.* 3A:6–4; 6 *N. J. Practice, Clapp, supra,* §§ 379–381; 3 *Schouler on Wills, Executors and Administrators* § 1657 (*6th ed.* 1923) ; *cf. Atkinson, Wills* 609 (1953). When Mr. Decker applied for letters of administration *c. t. a.* he had renunciations from the Doyles and Mrs. Mace, the only heir and next of kin in New Jersey, but had not yet obtained renunciations from the other heirs and next of kin. He did not comply strictly with the procedure set forth in *R. R.* 4:99–1 and *R. R.* 4:99–3 (see 64 *N. J. Super.,* at *pp.* 123–124) but did obtain the remaining renunciations at later dates. In any event, he was appointed as administrator *c. t. a.* and proceeded with the administration of the estate. There was no suggestion by or before the Surrogate that Mr. Decker was not a fit person to administer the estate and while we entertain the view that a separate order designating him as general administrator was not indispensable (*cf.* 6 *N. J. Practice, Clapp, supra,* § 370, *p.* 231, n. 13; *Glover v. Reynolds,* 135 *N. J. Eq.* 113 (*Ch.* 1944), affirmed 136 *N. J. Eq.* 116 (*E. & A.* 1945) ; *Federal Trust Co. v. Ost,* 120 *N. J. Eq.* 475 (*Ch.* 1936)) the Surrogate could readily have entered such an order if he considered it necessary or appropriate. He did not take that course but entered an order appointing Mr. Keane as general administrator, without any notice to the persons beneficially interested in the estate or any renunciations from them and, so far as the record before us discloses, without any sound reason or legal justification. See *R. R.* 4:99–1; *R. R.* 4:99–3; *Sayre v. Sayre,* 48 *N. J. Eq.* 267 (*Prerog.* 1891) ; *Gans v. Dabergott,* 40 *N. J. Eq.* 184 (*Prerog.* 1885) ; *Rinehart v. Rinehart,* 27 *N. J. Eq.* 475 (*Prerog.* 1876).

▪ Before the Surrogate Mr. Decker voiced his objection to the appointment of a separate general administrator and as soon as that dispute arose, further proceedings, following the County Court's issuance of its orders to show cause, were properly held in or under the direction of the County Court. See *N. J. S.* 3A:2–4; *N. J. S.* 3A:2–5; *R. R.* 5:3–3; *Simoni v. D'Ippolito,* 8 *N. J.* 271, 276 (1951), *certiorari* denied 343 *U. S.* 928, 72 *S. Ct.* 761, 96 *L. Ed.* 1338 (1952). The County Court found that the letters of general administration to Mr. Keane should be vacated as having been improperly granted and we agree. See 64 *N. J. Super.,* at *p.* 124. It also, after referring to the procedural defects in Mr. Decker's application (64 *N. J. Super.,* at *pp.* 123–124), proceeded to revoke his letters of administration *c. t. a.* and to designate its own appointees Mr. Frank J. Doyle and Mr. John Drewen. It made no finding that Mr. Decker was not a fit person to administer the estate. It did express doubt as to whether the renunciation by the Doyles was valid but so far as the record discloses the Doyles have not at any time questioned it. At the hearing before the County Court Mr. Decker testified that he had renunciations in his favor from all of the known heirs and next of kin and his counsel tendered the renunciations in evidence. While the County Court's opinion indicates that the renunciations by Molly Allen and Ivor Allen were not then on file (64 *N. J. Super.,* at *p.* 119) they were evidently included in those tendered to it in evidence and have since been transmitted to this court together with the renunciations from the other heirs and next of kin.

▪▪ We do not doubt that the County Court had power to designate a proper person to administer the estate (*cf. In re McFeely's Estate,* 8 *N. J.* 9, 13 (1951); *Simoni v. D'Ippolito, supra,* 8 *N. J.,* at *p.* 276) but we are not satisfied with the manner in which the power was here exercised. Absent any express finding by the County Court of disqualification, unfitness or other good cause, Mr. Decker should clearly have received preference as the choice of all of the

known persons who were beneficially interested in the estate. See 6 *N. J. Practice, Clapp, supra,* § 379, at *p.* 250; *cf. In re Alpaugh's Estate,* 83 *N. J. Eq.* 616, 617 (*Prerog.* 1914); *Cramer v. Sharp,* 49 *N. J. Eq.* 558, 561 (*Prerog.* 1892). See also *In the matter of the will of Kirkpatrick,* 22 *N. J. Eq.* 463, 469 (*Prerog.* 1871); *Wallace's Case,* 49 *N. J. Eq.* 530, 549 (*Prerog.* 1892); *Hill's Case,* 55 *N. J. Eq.* 764, 768 (*Prerog.* 1897); *cf. In re Tenneson's Estate,* 18 *N. J. Misc.* 245, 247 (*Monmouth County Orphans' Ct.* 1940). In the light of the circumstances we have concluded that the interests of the estate and the sound administration of justice will best be served by the County Court's designation of Mr. Decker as the administrator, with leave, however, to all interested persons to apply for the designation of a different administrator or such other relief as may be appropriate.

Reversed and remanded for further proceedings in the County Court in conformity with this opinion.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.